# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

January 25, 1966

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. C-587

Re: Whether Article 37.07 of
the 1966 Code of Criminal
Procedure is applicable to
misdemeanor cases tried in
county courts?

In your recent letter to this office you requested an opinion as to whether Article 37.07 of the 1966 Code of Criminal Procedure is applicable to misdemeanor cases tried in county courts.

Article 37.07 reads as follows:

Verdict must be general; separate hearing on proper punishment.

"1. The verdict in every criminal action must be general. When there are special pleas on which a jury is to find, it must say in its verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, it must find that the defendant is either guilty or not guilty.

"2. Alternate procedure

"(a) In felony cases less than capital and in capital cases where the State has made it known that it will not seek the death penalty, and where the plea is not guilty, the judge shall, before the argument begins, first submit to the jury the issue as to the guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed; provided, however, that in the charge which submits the issue of guilt or innocence there shall be included instructions showing the jury the punishment provided by law for each offense submitted.

-2830-

"(b)  If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense charged where the same is not absolutely fixed by law to some particular penalty except when the defendant, upon the return of a finding of guilty, requests that the punishment be assessed by the same jury. In the event the defendant elects to have the jury fix the punishment in cases where the punishment is fixed by law, the court shall instruct the jury that if they find the defendant is the same person who was convicted in the prior conviction or convictions alleged for enhancement, they should set his punishment as prescribed by law.

"Regardless of whether the punishment be assessed by the judge of the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character.

"(c)  After the introduction of such evidence has been concluded, and if the jury has been selected to assess the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence.

"(d)  In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty.  In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.

"(e)  When the judge assesses the punishment, and after the hearing of the evidence hereinabove provided for, he shall forthwith

-2831-

announce his decision in open court as to
the punishment to be assessed.

"(f)  Nothing herein shall be construed
as affecting the admissibility of extraneous
offenses on the question of guilt or inno-
cence."

Notice is made initially that there is no direct refer-
ence to misdemeanors in the above quoted article, and the ques-
tion of its applicability to such crimes naturally arises as
evidenced by your opinion request.

In answering this question, it should be observed that
the new Code of Criminal Procedure, effective January 1, 1966,
purports to embrace all the rules and provisions relating to
criminal procedure and governing the trial of criminal cases
in Texas (Articles 1.03 and 54.02 of the Code).  Although Arti-
cle 54.02 of the new Code specifically provides that the Civil
Statutes and the Penal Code, which contain special or specific
provisions of criminal procedure covering specific instances
are not repealed by this Act, a search of the Penal Code and
Vernon's Civil Statutes reveals no procedural rules covering
the conduct of the trial of misdemeanor cases with respect to
the means of returning a verdict and assessing punishment. It
might be added that the Constitution of Texas is equally si-
lent in this regard.  Accordingly, the new Code of Criminal
Procedure must be examined in order to determine the rules con-
trolling the conduct of a misdemeanor prosecution and particu-
larly in connection with requirements governing the return of
a jury verdict and the setting of punishment in such cases.

Returning to our examination of Article 37.07, it is
seen that the contents of this provision relate to verdicts
in criminal cases, the Article containing procedures regulat-
ing the finding of guilt or innocence and the assessment of
punishment in these cases.  By its terms the Article applies
only where a jury has not been waived and the defendant has
plead not guilty; and, while there is no specific reference
to misdemeanor cases in Article 37.07, there is likewise no
specific exclusion of misdemeanors.  The Article is, further-
more, contained in Chapter Thirty-Seven of the Code, entitled
"The Verdict," which chapter purports to cover jury verdicts
in county as well as district courts as evidenced by Article
37.03 pertaining to juries in county courts.  The first Arti-
cles of the Chapter, Articles 37.01 through 37.06 define "ver-
dict" and set out requirements for the return of a valid ver-
dict.  Article 37.07, requiring a general verdict on guilt

and innocence and providing procedures for the setting of punishment, logically follows the preceding provisions in the chapter. Accordingly, the position of Article 37.07 in the Code and the Chapter, "The Verdict," suggests that the drafters intended that this Article apply to misdemeanors tried by a jury in county courts.

Moreover, in finally deciding the applicability of Article 37.07 to cases where a "not guilty" plea is presented to a county court jury, reference should be made to Article 36.01 which outlines rules for the order of proceeding in a jury trial. This Article provides in part:

Article 36.01 Order of proceeding in trial

"A jury being impaneled in any criminal action, the cause shall proceed in the following order:

"1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

". . . .

"8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07." (Emphasis supplied.)

It is evident that Article 36.01 applies to misdemeanors tried to a jury on an information, as well as to felonies, and the reference to and the direction to proceed under the provisions of Article 37.07 makes it clear that this latter Article was also intended to apply to such misdemeanor cases in the county courts (and also misdemeanor cases over which the district court has jurisdiction). That this conclusion must be reached becomes even more apparent, when a search of the new Code of Criminal Procedure fails to disclose any other provision that would provide for the entry of a jury verdict and the assessment of punishment in a misdemeanor case where a "not guilty" plea is entered by a defendant.

We are aware of the semantical difficulties in construing Article 37.07 generally and particularly with regard to misdemeanors even though Article 36.01 directs that jury trial misdemeanor cases proceed under Article 37.07 if there is a guilty verdict. Section 2 of the Article is entitled "Alternative Procedure," and Subsection (a) of this Section refers to felony cases less than capital and to capital cases where the death penalty has been waived. There is then no reference to misdemeanors in the following subsections of Section 2 which provide for the assessment of punishment (and indeed no further reference to felonies of any degree). If these following subsections are read as merely modifying and expanding on Subsection (a) (that is, as making additional provisions that relate to non-capital felony cases), there is then nothing contained in Article 37.07 that will permit or provide for the assessment of punishment in a misdemeanor case where a jury returns a guilty verdict; and, it has already been noted, that there is no other Code provision relating to the return of a verdict and the assessing of punishment in jury-trial misdemeanor cases.

The Legislature in drafting the new Code of Criminal Procedure, could not have intended to omit procedures for the assessment of punishment in a misdemeanor case where a "not guilty" plea is entered and a county court jury returns a verdict of guilty. The Code must be construed so as to give effect to the obvious legislative intent that there be a means and method by which a jury verdict can be returned in a misdemeanor case tried by a county court jury and punishment assessed if the verdict be "guilty." Baldridge v. State, 321 S.W.2d 309 (Tex.Crim. 1959). To give effect to this evident legislative intent requires that Article 37.07 be construed so as to provide for the assessment of punishment in misdemeanor cases, a construction that will give a practical and reasonable meaning to the provisions of Article 37.07 rather than an absurd interpretation which would result from a too literal construction. Newson v. State, 372 S,W.2d 681 (Tex. Crim. 1963).

Moreover, the Legislature has stipulated that the new Code provisions be liberally construed in Article 1.26 which provides as follows:

Article 1.26 Construction of this Code

"The provisions of this Code shall be liberally construed, so as to attain the

objects intended by the Legislature: the pre-
vention, suppression and punishment of crime."

Applying Article 1.26 and the foregoing rules of stat-
utory construction to Article 37.07 in order to find therein
the appropriate and necessary meaning as intended and contem-
plated by the Legislature, we arrive at the following interpre-
tation of the Article.

We read Section 1 as applying to all verdicts in jury
cases, felonies and misdemeanors alike, tried in either dis-
trict or county courts.

We interpret subsection (a) of Section 2 as being ap-
plicable only to jury cases involving non-capital felonies
and capital felonies where the death penalty is waived; how-
ever, it is observed that some of the language in this sub-
section (a) might be referred to as evidence of legislative
intent so as to properly construe other sections of the Code;
for example, in deciding the question of how a district or
county judge is to formulate his charge to the jury under the
requirements of Article 36.14 (requiring a charge by the court
in every felony case and every misdemeanor case tried in a
court of record) on the issue of guilt and innocence.

We then read subsection (b) of Section 2 as applying
to the all criminal jury cases in district and county courts,
including misdemeanor cases in the county and district courts,
except capital felony cases in which the jury must always as-
sess punishment by virtue of the requirements of Article 1.13.
(Again, however, note should be made that any appropriate
language in this subsection and the following subsections may
be indicative of legislative intent as to procedural rules
governing the assessment of punishment in capital felonies.)
In reaching the conclusion that subsection (b) applies to all
non-capital felonies and to misdemeanors tried in courts of
record, observation is made that the final portion of Section
1 requires that the jury "must find that the defendant is
either guilty or not guilty"; it is then noted that subsection
(b) of Section 2, which begins, "If a finding of guilty is re-
turned. . . ." and then sets out provisions for two methods of
assessing punishment, logically follows the provisions ex-
pressed in Section 1 and logically applies to all district and
county court jury cases (excepting capital felonies) as does
Section 1. Subsection (a) of Section 2 contains what might
be termed parenthetical provisions inserted between Section 1

and subsection (b) of Section 2 referring, as it does, to procedures in non-capital felonies with regard to the court's instructions before the jury verdict. Furthermore, since subsection (b) of Section 2 contains two separate and distinct methods of assessing punishment, we interpret the words, "Alternate Procedure," immediately following the numeral "2" (and referring to Section 2), as having reference to subsection (b) wherein the alternate procedures for setting punishment are set out and described.

We also read subsections (c), (d), (e) and (f) of Section 2 as relating to all jury trials involving all non-capital felonies and all misdemeanors tried in a court of record.

Extracting the answer to the question you have asked from the above discussion, we are of the opinion that Article 37.07 is applicable to misdemeanor cases tried in the county courts (and also to any misdemeanors that must be tried in the district courts) where a not guilty plea is entered and the case is tried by a jury. The applicability extends to and includes the right of the defendant to choose the alternative procedures for the assessment of punishment and the evidentiary provisions governing the determination as to punishment to be set.

It should be noted that this opinion is directed only to misdemeanor cases tried before a jury in a court of record where the defendant pleads "not guilty." Where a guilty plea is entered in a misdemeanor case, the subsequent procedures in such cases are controlled by Article 27.14 of the Code (although again Article 37.07 may be of significance in ascertaining the intent of the Legislature as to the meaning of the provisions of Article 27.14).

It should also be observed that misdemeanors coming within the jurisdiction of justice and corporation courts are not within the purview of Article 37.07. The manner of obtaining a verdict or assessing punishment in such cases is controlled by Chapter Forty-Five and Article 27.14 of the Code.

### SUMMARY

The terms and provisions of Article 37.07 of the new Code of Criminal Procedure relating to the return of a verdict and the assessment

of punishment apply to misdemeanor cases tried by a jury in the county courts of this State.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By LONNY F. ZWIENER
Assistant Attorney General

LFZ/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Allo B. Crow, Jr.
Tom Routt
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright